In the Matter of JOHN A. GAFFNEY, as Superintendent of State Police of the State of New York, Petitioner, against EDWARD S. KAMPF, as Justice of the Police Court of the City of Albany, Respondent.

Supreme Court, Special Term, Albany County, June 19, 1944.

*Nathaniel L. Goldstein, Attorney-General (Orrin G. Judd and Sidney B. Gordon of counsel), for petitioner.*

*James J. McGuiness for respondent.*

MURRAY, J. This motion is one to vacate and quash a subpœna duces tecum issued by the Police Justice of the City of Albany, N. Y.

The facts briefly are that John A. Gaffney is Superintendent of the State Police of the State of New York. That the Governor of the State of New York, on November 13, 1943, ordered an inquiry into alleged crimes against the elective franchise in Albany County. The entire twenty-ninth floor of the State Office Building in the city of Albany was thereafter set aside and provided as office space for the use of the Attorney-General of the State of New York and staff of lawyers, clerks, detectives, State troopers and others to ferret out any and all offenses in Albany County against the Election Law of the State of New York.

Sidney B. Gordon, Esq., Assistant Attorney-General, in support of the motion herein deposes that " By February 24, 1944, hundreds of witnesses had been summoned to the aforesaid offices or had appeared pursuant to request and had been questioned either by the attorneys or by members of the State Police."

John Henry Jones, a colored man, a reputable citizen so far as disclosed by the motion papers, and a resident of the city of Albany, N. Y., was directed to appear at the State Office Building on February 25, 1944. There, he was first interrogated by a lawyer, who the affidavit of Mr. Gordon states *" Was called to attend another matter "*, and then *" the examination was continued by certain State Troopers who were familiar with the case."* (Italics mine.)

Jones has charged in a sworn complaint or information before the Police Justice of the City of Albany, N. Y., that after " the examination " he was feloniously assaulted, choked and part of his body hung from one of the windows of the twenty-ninth floor of the State Office Building by State troopers whose identity was unknown to him. A copy of a letter from Dr. Joseph E. Robinson, who attended Mr. Jones for the personal injuries he suffered, was also presented to the Police ·Justice of the City of Albany.

A warrant for the arrest of the assailants of Mr. Jones was issued. The culprits are therein designated by the familiar legal fictitious names of Doe and Roe; they to be identified later. A subpœna duces tecum was issued by the Police Justice of the City of Albany, which ordered John A. Gaffney, petitioner, to appear as a witness in a criminal action pending before him against John Doe, Richard Doe, John Roe, Richard Roe, Thomas Doe and Thomas Roe and directed him at such time to produce books, records, time sheets, reports and all other papers or documents showing assignments made by the Division of State Police of members of the State Police to the staff of Special Prosecutor George P. Monaghan and/or to the twenty-ninth floor of the State Office Building, on the 25th day of February, 1944.

Petitioner contends that such subpœna duces tecum is void. The basis of his motion to vacate and quash the subpœna is that (1) the subpœna does not name or describe any person as defendant as required by law; (2) the subpœna is void because it was issued for a purpose not authorized by statute; and (3) the documents called for are the confidential records of the State Police of the State of New York and not available to the complainant.

The affidavit of Sidney B. Gordon, Assistant Attorney-General, states that " On April 14, 1944, Detectives Gresser and Nichols accompanied by complainant, appeared at the office of the Albany Investigation on the 29th floor of the State Office Building and requested that certain individuals be produced, said individuals were referred to in said warrant by fictitious names for the purpose of executing said warrant. This request was refused and the party left."

Superintendent Gaffney avers " That on three separate occasions attempts have been made by the Police of the City of Albany to serve a certain warrant, directed to fictitious persons, upon various members of the State Police presently located on the 29th floor of the State Office Building in the

City of Albany." That "On one occasion a warrant, directed to fictitious persons, was presented to him by the police of the City of Albany with a request that he furnish the names of the troopers assigned to the Albany Investigation and he refused." Mr. Gaffney asserts in his affidavit his conclusion that "information of this sort ought not and should not be produced at the trial of * * * a collateral issue." Such is the manner Mr. Gaffney describes the shocking and brutal assault as charged by Jones — *"a collateral issue."* (Italics mine.)

The affidavits of both Mr. Gaffney and Mr. Gordon, to a large extent, are argumentative, historical and contain a recital of events which are irrelevant and immaterial to the matters at issue. The allegations made by Mr. Jones are grave and most serious in character and nature. It is axiomatic that lawless enforcement of the law must cease in fact, as well as in theory, or anarchy ensue. Jones is either a monumental liar and a perjurer, or he is truthful.

If it is a fact that he was struck, kicked, choked and beaten by State Police sworn to enforce the law, in a building in the shadow of the State Capitol of the State of New York, such dastardly criminal offense demands the fullest publicity, and the perpetrators of the crime severe punishment. If for no other reason than public policy, Superintendent Gaffney should welcome every opportunity in court or out of court to vindicate, if possible, the honor and reputation of the State police officers or troopers under his command, who are charged with the vicious attack on Jones.

Petitioner urges that the information signed by Mr. Jones refers to persons only by fictitious names and for such reason is defective. In his affidavit, Mr. Gordon declares that not the slightest attempt was made by Jones to designate the persons accused as required by law. Such argument is fallacious and specious. One would have to be gullible and naive to think, much less believe, that persons, when or after assaulting another person, would hand him their respective calling cards or submit their names and addresses. Jones is unable to state the real names of his assailants, but that is no reason why the criminal law should cease to function. There is no evidence that prior to the date of the alleged assault Jones knew any of the troopers he accuses of attacking him.

The reason why he asked issuance of a subpœna duces tecum presumably is for the very purpose of identifying them by their true or real names.

No affidavits have been filed by any State trooper or any other person in denial of the charges made by Jones. Neither Mr. Gaffney nor Mr. Gordon was present when Mr. Jones was examined. The opinion and conclusion of Mr. Gordon that the subpœna issued by Justice KAMPF is void for uncertainty in failing to designate a particular named person or persons of the crime is without basis or support in fact or law.

The Attorney-General, Hon. Nathaniel L. Goldstein, by George P. Monaghan, Deputy Attorney-General, on the 17th day of May, 1944, issued a subpœna duces tecum to the Comptroller of the City of Albany to appear on the 19th day of May, 1944, *as a witness in a criminal action prosecuted by the People of the State of New York against John Doe et al.* (italics mine) and to bring with him and produce all vendors' claims, invoices, correspondence, receipts and memoranda in connection with sales and deliveries by Albany Supply and Equipment Co., General Supply Co. and William H. Graulty, from January 1, 1933, to date, and in addition all deeds, evidences and writings in his custody, etc. A copy of such subpœna duces tecum is annexed to the affidavit of Police Justice KAMPF.

Sauce for the goose is sauce for the gander, and it's a poor rule which won't work both ways. The fact that the Attorney-General, when he proceeded to inquire into the commission of crime alleged to have been committed by John Doe *et al.* thus had faith in the efficacy, the legality and propriety of a subpœna duces tecum issued by him, wherein John Doe *et al.* are charged with crime, is strong indication that the objection he makes now is more a matter of form than of substance. The law is definite that in a criminal action a subpœna duces tecum may lawfully be issued wherein John Doe, Richard Roe *et al.* are the designated defendants. The objection that the real names of the alleged criminals are omitted is of no consequence. (*Matter of Osborne,* 62 Misc. 575.)

The argument that the subpœna duces tecum herein will reveal confidential information and records of the State Police, is without foundation or force. Nothing else but the names of the State troopers who were on duty on the 25th day of February, 1944, on the twenty-ninth floor of the State Office Building, when Mr. Jones alleges he was assaulted, is asked or required. Such information is not confidential. (*Matter of Egan,* 205 N. Y. 147; *Matter of Stenstrom* v. *Hartnett,* 131 Misc. 75, affd. 224 App. Div. 127, affd. 249 N. Y. 606.)

The language of the Court of Appeals in *People* v. *Walsh* (262 N. Y. 140, 150) is most pertinent as to public policy with

reference to the production of records in criminal actions, wherein the court stated: '' When, however, it does appear that there is evidence in the possession or control of the prosecution favorable to the defendant, *a right sense of justice demands that it should be available, unless there are strong reasons otherwise.*'' (Italics mine.)

This court is unable to discern the slightest prejudice which may arise or operate against the State Police of the State of New York in its police work by telling Mr. Jones frankly and fully the names of all the State police officers who were assigned to work on the twenty-ninth floor of the State Office Building on the 25th day of February, 1944.

It clearly appears that complainant Jones has made on his part persistent and diligent effort to ascertain the real names of his assailants. So far, he has been unsuccessful and has necessarily been obliged to designate them as Doe and Roe, fictitious names. To assist him in his quest for information, he has secured a lawful mandate — a subpœna duces tecum. The evidence he seeks by means of this legal aid is competent, relevant and material. The facts as to who the persons are whom Jones asserts assaulted him are very material.

If the motion to quash and set aside the subpœna duces tecum is granted, Jones will be deprived of the benefit of legal process designed for the ascertainment of facts relevant to the issues in possession of his opponents. This would not be due process of law. Any citizen, no matter how humble his rank or position in life may be, has the unqualified right to invoke full judicial power and process, not only as his shield but also as his sword against oppression. To give him less would be a denial of justice.

A right to insist that records are confidential is a personal right which may be claimed at the time questions are asked and objections may then be made to the court before whom the hearing or trial is had, that such records are of a confidential nature.

Motion denied. Submit order.